# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DWAYNE L. LESTER,
                    Appellant,

          v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
DC-3330-15-0378-I-1

DATE: March 2, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dwayne L. Lester</u>, Laurel, Maryland, pro se.

<u>Byron D. Smalley</u>, Esquire, and <u>Mark A. Wines</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board has jurisdiction over the appellant's veterans' preference appeal but not over his claim that the agency denied his right to compete, we AFFIRM the initial decision.

¶2        The agency posted a job announcement for a Printing Services Specialist position and specifically limited applicants to "IRS employees on Career or Career Conditional Appts in the competitive service." Initial Appeal File (IAF), Tab 1 at 27. The appellant filed a complaint with the Department of Labor (DOL) in which he alleged that the agency violated his veterans' preference rights by not allowing him to apply or by finding him ineligible for the announced position because he was not an agency employee. *Id*. at 19. DOL investigated the appellant's complaint but found that no violation occurred and informed him of his right to appeal his case to the Board. *Id*.

¶3        The appellant filed an appeal with the Board arguing that the agency violated his veterans' preference rights because an "area of consideration is not allowed for a veteran that is VEOA/preference eligible." *Id*. at 4. He enclosed with his appeal a letter from the DOL Veterans' Employment and Training Service dated January 8, 2015, concluding that the agency followed proper procedures in posting its open position. *Id*. at 25-26. The administrative judge

set forth the requirements for establishing the Board's jurisdiction over a VEOA claim alleging a violation of rights under any statute or regulation relating to veterans' preference and ordered the appellant to file a statement showing that the Board has jurisdiction over his appeal. IAF, Tab 2 at 2-3.

¶4 The appellant failed to respond to the administrative judge's order within the specified time, and the agency argued that the administrative judge should dismiss the appeal for lack of jurisdiction or deny the appellant's request for corrective action under VEOA. IAF, Tab 4 at 5-6. The agency stated that the job announcement, limiting the area of consideration to agency employees, did not violate the appellant's rights under VEOA and that it had no record indicating that the appellant applied for the position. *Id*. at 6. In response, the appellant argued that the law requires the area of consideration to be available to all preference-eligible veterans and that the agency did not let him apply for the position. IAF, Tab 6 at 1. The appellant further argued that he applied for several positions with the agency, and the agency had evidence that he was qualified. *Id*. at 1.

¶5 After reviewing the parties' written submissions, the administrative judge denied the appellant's request for corrective action under VEOA without holding the requested hearing. IAF, Tab 8, Initial Decision (ID) at 1-3. The administrative judge found that the appellant was fully informed of the dispositive issues on appeal, and he had the opportunity to dispute the agency's evidence but he failed to provide any evidence or argument showing that the agency's vacancy announcement violated any statute or regulation relating to veterans' preference. ID at 2-3. The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to his petition, and the appellant replied. PFR File, Tabs 3-4.

<u>The Board has no jurisdiction to consider the appellant's claim that the agency denied his right to compete in violation of 5 U.S.C. § 3304(f).</u>

¶6      On review, the appellant argues that the agency violated his right to compete under 5 U.S.C. § 3304(f).  PFR File, Tabs 1, 4.  Under VEOA, certain veterans and preference eligibles "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."  5 U.S.C. § 3304(f)(1); *Abell v. Department of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003).

¶7      To establish Board jurisdiction over a "right to compete" appeal under 5 U.S.C. § 3330a(a)(1)(B), an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce.  *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).  Here, the appellant does not allege that the agency accepted applications from individuals outside its own workforce and the record reflects that the job announcement for the vacancy at issue was limited to agency employees only.  IAF, Tab 1 at 27.  We therefore find that the appellant failed to make a nonfrivolous allegation that the agency denied him the right to compete in violation of 5 U.S.C. § 3304(f)(1), and the Board has no jurisdiction to consider this issue.

<u>The appellant established jurisdiction over his veterans' preference appeal.</u>

¶8      To establish Board jurisdiction over a veterans' preference appeal brought pursuant to 5 U.S.C. § 3330a(a)(1)(A), an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he

is a preference eligible within the meaning of VEOA, (ii) the action(s) at issue took place on or after the 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). To prevail on the merits the appellant must prove these elements by preponderant evidence. *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd*, 109 M.S.P.R. 453 (2008).

¶9    In denying the appellant's request for corrective action based on his claim that the agency's vacancy announcement violated his rights as a preference-eligible veteran, the administrative judge did not make an explicit finding on the jurisdictional issue. We modify the initial decision to find that the Board has jurisdiction over the appellant's veterans' preference appeal pursuant to 5 U.S.C. § 3330a(a)(1)(A) for the reasons set forth below. First, we find that the appellant proved that he exhausted his remedy with DOL. IAF, Tab 1 at 19-20. Second, we find that the appellant made a nonfrivolous allegation that he is a preference-eligible veteran and that the agency announced the job vacancy at issue after October 30, 1998. *Id*. at 21. Third, we find that the appellant's general allegation that the agency violated his veterans' preference rights, by limiting applicants for the announced vacancy to current agency employees and not including all preference-eligible veterans, is sufficient to meet the nonfrivolous standard.[2] *See Lis v U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 9 (2010). We therefore find that the Board has jurisdiction over the appellant's VEOA claim alleging a violation of his veterans' preference rights.

---

[2] The appellant presumably did not apply for the position because he was not an agency employee. IAF, Tab 1 at 25, Tab 6 at 1. To establish jurisdiction over his appeal, however, the appellant is not required to make a nonfrivolous allegation that he applied for the position at issue. *See Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶ 15 (2009).

<u>The appellant failed to prove that the agency violated his statutory or regulatory veterans' preference rights.</u>

¶10    To be entitled to relief under VEOA, an appellant must show by a preponderance of the evidence that the agency violated one or more of his statutory or regulatory veterans' preference rights.  *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006).  In denying the appellant's request for corrective action, the administrative judge found that the appellant did not show that the agency denied his rights under VEOA by limiting the area of consideration for the announced vacancy to agency employees and that the agency's action was not prohibited by law or regulation.  ID at 4.

¶11    It is undisputed that the job announcement at issue was limited to agency employees only, that an agency may fill a vacancy by any authorized method, and that the appellant was not an agency employee.  PFR File, Tab 1 at 2; IAF, Tab 1 at 6, 25, Tab 4 at 5; *Joseph v. Federal Trade Commission*, 103 M.S.P.R. 684, ¶ 11 (2006), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007).  The appellant's claim that the agency should have permitted all preference eligibles to apply for the announced position is not cognizable under VEOA because the agency's action does not implicate a statute or regulation relating to veterans' preference.  PFR File, Tab 1 at 1; IAF, Tab 1 at 4.  Because the appellant's arguments on review present no basis to disturb the initial decision, we deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.